UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE AGUILAR,

    Petitioner,

v.                                        CASE NO. 8:18-cv-1014-T-02JSS

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER DISMISSING PETITION

Jose Aguilar brings this Petition under 28 U.S.C. § 2254 for relief from his judgment and prison sentence by the Thirteenth Judicial Circuit of Florida. Doc 1. The Court dismisses the Petition as untimely.

**FACTUAL BACKGROUND**

Petitioner went to trial on cocaine trafficking charges in Hillsborough County. Doc. 1 at 1-2. After being found guilty by a jury, he was sentenced on June 7, 2007, to 25 years in prison with a 15-year minimum-mandatory term, followed by five years of probation. *Id.* at 1. Petitioner brings six grounds for relief in this Petition. Doc. 1. However, the Petition is barred as untimely. Because the

1

threshold and dispositive issue of this Petition is timeliness, the Court sets forth the following time chart of Petitioner's case:

**June 7, 2007:** Petitioner sentenced by Circuit Court after April jury verdict.[1]
**June 19, 2007:** Petitioner files notice of direct appeal.[2]
**March 27, 2009:** Second District Court affirms direct appeal, per curiam.[3]
**June 25, 2009:** U.S. Sup. Ct. cert. petition deadline expires; 1-year period begins.
**April 20, 2011:** Petitioner files Florida Rule 3.850 collateral state habeas.[4]
**July 27, 2015:** Final Order denying amended 3.850 motion after hearings.[5]
**August 2015:** Petitioner files appeal to 2d DCA from 3.850 denial.[6]
**January 11, 2017:** Mandate, 2d DCA affirms 3.850 denial per curiam.[7]
**April 4, 2018:** Petitioner files the instant federal § 2254 Petition.[8]

## LEGAL ANALYSIS

Federal habeas petitions are subject to a one-year statute of limitation. 28 U.S.C. § 2244(d)(1). It begins running—as relevant here—on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at 2244(d)(1)(A). The clock stops running for the "time during which a properly filed application for State post-conviction . . . judgment or claim is pending[.]" *Id.* § 2244(d)(2).

---

[1] Doc. 1 at 1.
[2] Doc. 1 at 2.
[3] Doc. 1 at 2; *Aguilar v. State*, 16 So. 3d 134 (Fla. 2d DCA 2009).
[4] Doc. 1 at 3-4.
[5] Doc. 1 at 5.
[6] Doc. 1 at 17.
[7] *Aguilar v. State*, 206 So. 3d 698 (Fla. 2d DCA 2016).
[8] Doc. 9 at 4.

In this case, the limitation period began running 90 days[9] from the 2d DCA's affirmance of Petitioner's direct appeal. This was when the deadline expired for Petitioner to file certiorari with the U.S. Supreme Court seeking review of the 2d DCA affirmance. Thus, the time started running on June 25, 2009—90 days after the DCA opinion—and simply ran out one year later on June 25, 2010, without being stopped by anything. It was nearly ten months after Petitioner's federal time ran out that he caused his lawyer to first file state habeas under Florida Rule 3.850. Dkt. 1 at 4. But the federal habeas clock had already expired in June 2010.

Petitioner admits that the Petition is out of time. He states: "Petitioner's judgment of conviction became final by conclusion of direct review on April 20, 2009. He did not file a petition for writ of habeas corpus with the U.S. Supreme Court, therefore §2244(d)(1), one-year limitation period ran from, on or about, July 18, 2009 until on or about July 18, 2010."[10] Doc. 1 at 41. Nonetheless, Petitioner contends his statute of limitations was equitably tolled, notwithstanding the elapse of the one-year period. Doc. 1 at 41–42. As further explained below, equitable tolling does not apply in this case.

---

[9] *See* U.S. Supreme Court Rule 13.3 ("The time to file a petition for…writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"); *Chavers v. Sec'y, Fla. Dep't of Corr.,* 468 F.3d 1273, 1275 (11th Cir. 2006) (the 90-day period begins to run from the date of entry of judgment and not the issuance of the mandate).

[10] The correct date is actually June 25. *See supra* note 9. Petitioner erroneously ran the 90-day certiorari period from the DCA mandate rather than from the filing of the DCA opinion.

Petitioner offers several arguments in support of equitable tolling, including a Court-permitted "supplemental" argument that Petitioner wished to add after seeing the State's response. Docs. 1 and 9. First, Petitioner contends the State impeded his discovery for Grounds One through Three of his Petition by deliberately concealing favorable evidence that was related to sentencing leniency and shown to a co-conspirator who testified against him. Doc. 1 at 41–42. Petitioner essentially claims the State hid a violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Id.* As such, Petitioner argues the time was tolled pursuant to 28 U.S. C. § 2244(d)(1)(B) and (C). *Id.*

To support this argument, Petitioner points to a conversation with his sister in which she told Petitioner she saw the co-conspirator at liberty in April 2011. Doc. 1 at 42. Petitioner passed this information to his post-conviction counsel, which eventually led Petitioner to discover on April 18, 2011, that the co-conspirator's 15-year sentence had been reduced. *Id.* The co-conspirator received this sentence reduction in May 2009 in exchange for providing testimony against Petitioner at Petitioner's April 2007 jury trial. *Id.*

Key to Petitioner's claim is a transcript from the co-conspirator's May 2009 sentence reduction hearing, a copy of which Petitioner filed in this record at Doc. 9-1. During that hearing, the co-conspirator argued his sentence should be reduced

because he provided substantial assistance in Petitioner's case by testifying against the Petitioner. Doc. 9-1 at 7–8. The co-conspirator's lawyer said at that time:

> [Co-conspirator's sentencing judge] advised at the time he was sentenced quite frankly that if the State was satisfied with his cooperation [in Petitioner's trial], that he would definitely give [co-conspirator] – he'd give him the three years.

Doc. 9-1 at 6.

The co-conspirator ultimately won a sentence reduction for cooperating against Petitioner. *Id.* at 13. Originally, the co-conspirator was serving a 15-year sentence. *Id.* After the substantial assistance hearing, he was released from incarceration and placed on supervision, receiving roughly a three-year term. *Id.* at 8, 11.

Petitioner argues the transcript from the co-conspirator's sentence reduction hearing is proof of an undisclosed favor promised to the co-conspirator.[11] Doc. 9 at 3. The original Petition states: "Petitioner discovered the factual predicates of the *Brady* and *Giglio* claims on April 18, 2011, thus, the one year statute of limitations began to run as of that date." Doc. 1 at 44. In other words, Petitioner argues his discovery of the alleged *Brady/Giglio*[12] violations on April 18, 2011 constitutes the triggering date for the one-year statute of limitations over his entire Petition. *Id.*

---

[11] Petitioner notes the co-conspirator denied at trial that he was promised any leniency for this testimony. Doc. 1 at 12. Petitioner also claims the State denied that any promises were made to the co-conspirator. *Id.* at 11.
[12] *Giglio v. United States*, 405 U.S. 150, 154 (1972).

Accordingly, Petitioner argues his filing of state habeas on April 20, 2011, tolled the running of the period for the Petition. *Id.* (citing *Walker v. Crosby*, 341 F.3d 1240, 1245 (11th Cir. 2003), *overruled by* Zack v. Tucker*, 704 F.3d 917, 918 (11th Cir. 2013) (en banc)).

However, there is a fatal flaw with this argument: even if all of this were true and established, it still runs afoul of the nearly 15-month, un-tolled delay Petitioner incurred from January 11, 2017, to April 3, 2018. Even granting Petitioner's original argument that the State suppressed *Brady/Giglio* evidence until April 2011 and this suppression tolled time for the entire Petition until the state habeas was filed, Petitioner remains out of time due to lack of diligence from January 2017 to April 2018. As such, Petitioner cannot obtain relief on this ground.

Petitioner's second argument in the original Petition is that the passage of time from July 2009 to April 2011 was due to lawyer malpractice. Doc. 1 at 45-48. Petitioner states he timely hired his postconviction lawyer in 2009, but the lawyer delayed. *Id.* at 45. Petitioner provides letters he sent to the lawyer to spur him on. *Id.* at 49-55. These letters show Petitioner was aware of the deadline for state habeas filing. In fact, Petitioner stated in January 2011 that "my two year limitation to file a Rule 3.850 is rapidly approaching to be time barred." *Id.* at 55. Petitioner also stated to counsel in January 2011 quite presciently:

> In closing, I was enlightened by the law clerks at the library that because my Rule 3.850 was not filed in the first year of my time, I

6

>have lost my Federal Habeas Corpus Rights because they say the time to file one is one year and the time runs concurrent with my Rule 3.850. Have I lost my Federal Habeas Corpus Rights?

*Id.*

This lawyer malpractice argument fails for two reasons. Initially, like the first argument, it ignores the 15-month defalcation and delay from 2017 to 2018. Second, the argument lacks legal support. The question is whether Petitioner has been "pursuing his rights diligently" for equitable tolling, and whether "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal citations omitted). Petitioner knew quite well his federal habeas time requirements, as shown in his January 2011 letter above. Doc. 1 at 55. Yet no federal petition was filed for seven years. This is not diligence. *See, e.g.*, *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1313 (11th Cir. 2001). Lawyer malpractice, even gross or egregious negligence, does not by itself qualify as an "extraordinary circumstance" to enable equitable tolling. *See Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1227 (11th Cir. 2017). In support of the argument that lawyer malpractice caused equitable tolling, the original Petition cited two appellate cases from the Second Circuit and the Ninth Circuit. Doc. 1 at 46 (citing *Baldayaque v. United States*, 338 F.3d 145, 152-53 (2d Cir. 2003); *Spitsyn v. Moore*, 345 F.3d 796, 800-02 (9th Cir. 2003)). But *Cadet* controls this case. *See* 853 F.3d at 1227. "[E]quitable tolling is an extraordinary remedy 'limited

to rare and exceptional circumstances and typically applied sparingly.'" *Id.* at 1221 (citing *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)).

After receiving the State's trenchant response, Doc. 6, Petitioner filed a "Motion to Supplement" a month later. Doc. 9. The Court permitted this supplement. Doc. 11. Petitioner attempted to use this supplement to plug the hole in the 2017-to-2018 delay, arguing that he did not receive the actual co-conspirator resentencing transcript until 2018, even though he knew of the co-conspirator's substantial assistance motion and reduction and he sought postconviction review on that precise ground in 2011. Doc. 9 at 2-3. Not until March 20, 2018, did Petitioner have in hand the actual resentencing transcript of the co-conspirator. *Id.* at 2. Thus, Petitioner argues, the *Brady/Giglio* grounds shown by the physical transcript did not become fully ripe and mature until March 20, 2018, and the deadlines were equitably tolled until that date. *Id.* at 4.

Although a valiant try, the supplement fails in light of U.S.C. § 2244(d)(1)(D), which notes the time period starts, pertinently here, on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." This issue was perceived, raised, addressed, and ruled upon after the state post-conviction evidentiary hearing years before the instant federal habeas was filed. The issue not only "could

8

have been discovered," but in fact was discovered no later than 2011. The record is clear on that.

The transcript of the co-conspirator's resentencing was typed in June 2012. Doc. 9-1 at 20. It was typed for Petitioner's postconviction case. Petitioner could have obtained it then with any diligence. The co-conspirator's resentencing for substantial assistance was discussed at length at the March 20, 2015, evidentiary hearing on Petitioner's state postconviction motion, with Petitioner present in the courtroom. Doc. 8-6 at 111, 188-195. The "supplemental motion" shows no diligence, and none is evident from the record. "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Petitioner has failed this burden.

In sum, the Petition is dismissed as untimely. Petitioner has made no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, claims have been rejected on procedural grounds, the Petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000). Petitioner has not established that reasonable

jurists would find this Court's assessment of the claims debatable or wrong. Accordingly, a certificate of appealability is denied, and Petitioner is not entitled to appeal *in forma pauperis*.

## CONCLUSION

The Court denies Aguilar's Petition with prejudice. Doc. 1. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Tampa, Florida, on September 4, 2020.

                                            s/*William F. Jung*
                                            **WILLIAM F. JUNG**
                                            **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Petitioner, *pro se*